IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

GINGER LENDERMAN, )
Substituted Party for )
Clayton Lenderman, deceased, )
                                )
        Plaintiff, )
                                )
v. ) Case No. CIV-09-043-JHP
                                )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
                                )
        Defendant. )

**FILED**

NOV 1 6 2011

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

**REPORT AND RECOMMENDATION**

This matter comes before this Court on the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 24, 2011 (Docket Entry #31). This Motion was referred to the undersigned by Order of United States District Judge James H. Payne for the entry of a Report and Recommendation on the disposition of Plaintiff's Motion.

Counsel request that they be awarded fees for legal work pursuant to 42 U.S.C. § 406(b) in the amount of $8,903.00. Counsel was employed by Plaintiff to appeal the adverse decision rendered by Administrative Law Judge presiding over the request for benefits. To that end, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past due benefits ultimately awarded to Plaintiff. Such contracts are recognized as valid under the prevailing case authority. <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 807 (2002).

In this case, Counsel filed this case on behalf of Plaintiff, filed the initial brief-in-chief and a reply brief on the issues

relevant to the appeal. Counsel obtained a reversal of the ALJ's decision and remand for further proceedings. Plaintiff was awarded attorneys' fees in accordance with the Equal Access to Justice Act ("EAJA") for the efforts before this Court in the amount of $6,884.54. On remand, Plaintiff was found to be disabled from May of 2005 until his death in September of 2009 and was awarded past due benefits in the amount of $35,612.00.

The amount awarded to counsel for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of past due benefits. 42 U.S.C. § 406(b)(1)(A). As in this case, Defendant is authorized to withhold up to 25% of the past due benefits awarded to a claimant for payment directly to the claimant's attorney. 42 U.S.C. § 406(a)(4). The Tenth Circuit Court of Appeals has determined that the 25% amount is separate and apart from the amount awarded at the agency level under 42 U.S.C. § 406(a). <u>Wrenn v. Astrue</u>, 525 F.3d 931, 937-938 (10th Cir. 2008). The only condition upon the full award of 25% is a requirement that the court review contingency fee arrangements "to assure that they yield reasonable results in particular cases." <u>Id</u>. at 938 (citations omitted). Counsel's requested fees do not exceed either the amount contracted for in the contingency fee agreement or the limitations of § 406(b).

Defendant does not take a position on awarding the amount requested but does advise this Court of its obligation to make an "independent check" as to the reasonableness of the award. Despite the fact the source for Counsel's compensation is a contingency fee

2

contract, this Court has reviewed the contemporaneous time and expense records based upon the admonishment of the Tenth Circuit to do so and finds the time expended to be reasonable and necessary in consideration of the result obtained. As both Plaintiff's counsel and Defendant recognize, Counsel have been compensated by EAJA and must refund the smaller of any EAJA award and the amount awarded under § 406(b) to prevent a double recovery by the attorney. Kemp v. Bowen, 822 F.2d 966, 968 (10th Cir. 1987).

Defendant also provides authority in his brief which stands for the propositions that a claimant's attorney may not recover fees under § 406(b) for preparation of a fee request and services performed outside of federal court. However, Defendant does not indicate Counsel have improperly sought compensation for either of these items.

Defendant also rightly asserts a § 406(b) request must be filed within a reasonable time. In seeking an award under § 406(b), an attorney is required to employ the provisions of Fed. R. Civ. P. 60(b)(6). McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir. 2006). While relief under this rule is considered extraordinary and reserved for exceptional circumstances, substantial justice is served by permitting its use in the circumstance faced by counsel in seeking these fees. Id. To that end, any fee request pursued under § 406(b) should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. (citation omitted).

In this case, the Notice of Award was issued by Defendant on June 26, 2011. Counsel filed the subject Motion on September 24,

2011. As with many of these cases, Counsel relied upon the agency representative to obtain a copy of the Notice of Award. The representative transmitted the Notice to Counsel on September 15, 2011. Counsel filed the subject Motion within a reasonable time thereafter. Therefore, the request is considered timely.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that the Motion for Attorney Fees Under 42 U.S.C. § 406(b) filed by Troutman & Troutman, P.C., the attorneys for Plaintiff, on September 24, 2011 (Docket Entry #31) be **GRANTED** and Plaintiff's counsel be awarded fees in the amount of $8,903.00 to be paid by Defendant directly to counsel from the amount of past due benefits withheld for that purpose. In addition, Plaintiff's counsel shall refund the smaller amount between the EAJA fees already awarded and the § 406(b) fees awarded in this decision to Plaintiff. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

DATED this  16th  day of November, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE